In the Matter of LOUIS SACHS, an Attorney, Respondent.

First Department, June 23, 1936.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Seymour Mork*, for the respondent.

MARTIN, P. J.  The respondent was charged with having collected on behalf of his client, Harry Baron, the sum of $568.88 from one Albert B. Wilson, and $90 from one John M. Biggins, with having concealed the collection in the Biggins matter, and with having failed to account for the collections made in either matter until after complaint to the petitioner's committee on grievances, when he rendered fictitious bills for services, by which he credited himself with all but $10.66 of the money collected.  He was further charged with the conversion of all the moneys collected except $224, which amount it was conceded was a proper charge for the collection in the Wilson matter.  An official referee, to whom the matter was sent for hearing, has reported that the evidence does not sustain the charges of concealment and conversion, but that the respondent delayed unduly in responding to the requests of his client for an accounting until after the matter had been brought to the attention of the Bar Association.

The vital issue in the case was the agreement under which the respondent received from Harry Baron for collection a claim of $3,000 against Mr. Biggins.  Mr. Baron testified it was upon a contingent fee of ten per cent to fifteen per cent of the amount recovered, which was the basis upon which his collections were being made by a regular collection agency.  The respondent denied there was any such agreement but, on the contrary, testified that

Mr. Baron stated that because of the amount involved he did not want to give this matter to his regular collection agency, but requested the respondent to make it an important matter in his office and "to go out and collect it — I don't care what you do to collect it, but we have got to get that money in." The respondent further testified that he was requested by Mr. Baron to charge his fees in the Biggins and other matters against the collection in the Wilson matter. The referee has found the testimony evenly divided upon this question, and has determined it in favor of the respondent.

Upon this record the finding of the referee cannot be said to be against the weight of the evidence. The fact that Mr. Baron concededly gave respondent the claim of $500 against Mr. Wilson with no agreement as to his compensation, lends probability to the respondent's version of the Biggins matter.

So also, as to charges of seventy-five dollars and twenty-five dollars, for services rendered to Mr. Baron in other matters which he offset against the Wilson collection. The finding of the referee that the evidence is evenly balanced as to whether the services in connection with the first item were rendered and whether the second item had been paid, is correct. The referee finds the amounts of both these charges to have been reasonable.

The evidence is also evenly balanced as to whether or not Mr. Baron was informed of the collection by the respondent of ninety dollars in the Biggins case prior to the time he complained to the Bar Association. Under the circumstances of this collection there is at least room for a difference of opinion, as found by the referee, whether the charge of $300 in connection therewith is exorbitant. The referee felt the charge was unreasonable, but declined to draw the inference that by such charge the respondent was attempting to cover up his conversion.

In view of the finding that the respondent was authorized to apply the amount collected in the Wilson matter against his charges, which were unfixed, there was no conversion.

The respondent, however, clearly was delinquent in failing to furnish a statement to his client notwithstanding his several requests therefor. It is true that complaint appears to have been made to the Bar Association without warning to the respondent. It should not be necessary, however, for a client to threaten his attorney with disciplinary action in order to obtain an accounting of funds collected by the attorney for the account of the client.

The respondent should be censured.

McAvoy, O'Malley, Townley and Dore, JJ., concur.